**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TYREEK JACKSON,**<br>*Plaintiff,*<br><br>**v.**<br><br>**PETER JOHN BADDICK, III, et al.,**<br>*Defendants.* | **CIVIL ACTION**<br><br>**NO. 22-2973** |

**MEMORANDUM RE: PLAINTIFF'S MOTION TO COMPEL**

**Baylson, J.** **July 29, 2026**

Plaintiff Tyreek Jackson ("Plaintiff") filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. ECF 1. Presently before the Court is Plaintiff's Motion to Compel. ECF 100. For the following reasons, the Court will **DENY** the Motion.

## I. BACKGROUND

Plaintiff filed the Complaint on July 25, 2022. ECF 1. On the same day, Plaintiff moved for appointment of counsel. ECF 2. The Court granted the motion to appoint counsel, and the case was referred to the Prisoner Civil Rights Panel for possible appointment of counsel on October 26, 2022. ECF 12. The Court's order noted that this referral does not guarantee that an attorney will volunteer to represent Plaintiff in this case. Id. As of July 12, 2023, no attorney had volunteered to represent Plaintiff, and Plaintiff requested the Court remove his case from the panel. ECF 30. On July 2, 2024, Plaintiff again moved for appointment of counsel. ECF 55. This motion was also granted, and the case was again referred to the Prisoner Civil Rights Panel on August 22, 2024. ECF 56. Plaintiff moved for appointment of counsel for a third time on October 6, 2025. ECF 76. On December 10, 2025, the Court ordered that Plaintiff would need

to continue proceeding *pro se* because no attorney has accepted the case despite its listing on the Prisoner Civil Rights Panel for at least one year. ECF 77.

Plaintiff first moved to compel discovery on January 5, 2026, asserting that he had requested discovery from Defendants over two years prior and Defendants had not yet provided a "complete copy of discovery." ECF 79. Defendants' opposed the motion, arguing that they never received any discovery requests from Plaintiff. ECF 81. On February 6, 2026, the Court denied the motion to compel and stated that Plaintiff may serve discovery requests on Defendants through the discovery deadline of February 27, 2026. ECF 82.

On April 7, 2026. Plaintiff sent a letter to Chambers. ECF 89. On April 21, 2026, the Court ordered that if Plaintiff believes an order regarding discovery is necessary, Plaintiff must file a motion to compel within twenty-one days. ECF 90. Plaintiff filed a second motion to compel on June 15, 2026. ECF 95. The motion stated that in February 2026, Plaintiff had written defense counsel requesting the production of documents and Defendants had failed to provide the requested documents. Id. Defendants' opposed the motion, arguing that (1) Plaintiff failed to engage in a good faith effort to resolve the discovery dispute before resorting to Court intervention, and (2) Plaintiff's two letters did not constitute proper discovery requests because they did not identify any specific documents or categories of documents sought. ECF 98. On July 1, 2026, the Court denied the second motion to compel because it did not state with specificity what discovery Plaintiff has or does not have, and what discovery Plaintiff believes he is entitled to. ECF 99. The Court provided Plaintiff with another fourteen days to file another motion to compel.

Presently before the Court is Plaintiff's third motion to compel, filed on July 16, 2026. ECF 100. The third motion to compel requests the Court instruct Defendants to provide Plaintiff

with "all forms of discovery" as Plaintiff has not yet received any discovery from Defendants. Id.

## II. DISCUSSION

Under Rule 34 of the Federal Rules of Civil Procedure, a party may serve discovery requests on any other party. A discovery request "must describe with reasonable particularity" each document or category of documents sought. Fed. R. Civ. P. 34(b)(1)(A). Plaintiff's blanket requests for "full discovery," "all forms of discovery, or "any and all discovery" do not satisfy the requirement of Rule 34 that a discovery request specify what documents or categories of documents are being requested.

However, if Plaintiff believes that he has properly served specific discovery requests on Defendants and they have failed to produce the requested discovery, Plaintiff may file a motion to compel pursuant to Rule 37 of the Federal Rules of Civil Procedure. Under Rule 37(a)(1), a motion to compel must include a certification that Plaintiff has in good faith conferred or attempted to confer with Defendants in an effort to obtain discovery without court action. The motion must be accompanied by a memorandum of law supporting the motion. See Eastern District of Pennsylvania Local Rule of Civil Procedure 7.1(c) ("Every motion . . . shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion."). In the memorandum, Plaintiff must (1) identify with specificity what documents Plaintiff has requested Defendants produce, (2) explain why Defendants' responses are deficient, and (3) address Defendants' objections. Plaintiff should attach the following exhibits to the Motion: (1) copies of the discovery requests that Plaintiff has served on Defendants and (2) copies of Defendants' responses or objections. See Eastern District

of Pennsylvania Local Rule of Civil Procedure 26.1(b) (requiring that a motion to compel identify and provide, verbatim, the relevant parts of the discovery request at issue).

Because Plaintiff's motions to compel do not satisfy the requirements of Rule 37, his third motion to compel will also be denied, and Plaintiff will be provided sixty (60) days to file a fourth motion to compel, which must comply with the above provisions.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel is **DENIED**. An appropriate order follows.

\\adu.dcn\paed\phl-data\judge_baylson\civil 22\22-2973 jackson v baddick\22-2973 memo re pl. third mot. to compel.docx